1  KEITH A. WEAVER
   Nevada Bar No. 10271
2  ALISSA N. BESTICK
   Nevada Bar No. 14979C
3  LEWIS BRISBOIS BISGAARD & SMITH LLP
   6385 S. Rainbow Boulevard, Suite 600
4  Las Vegas, Nevada 89118
   702.893.3383
5  FAX: 702.893.3789
   *Attorneys for Defendant Scott R. Ferguson,*
6  *M.D.*

7

                  UNITED STATES DISTRICT COURT
8
                      DISTRICT OF NEVADA
9

10

   TRINA PARKER, as an individual;        CASE NO. 2:18-cv-02291-~~RFB~~-BNW ^CDS [1]
11
              Plaintiff,                   **THIRD SUPPLEMENTAL JOINT PRE-**
12                                         **TRIAL ORDER**
          vs.
13
   DIGNITY HEALTH d/b/a ST. ROSE
14 DOMINICAN HEALTH HOSPITAL-SIENA
   CAMPUS, as a Corporation; SCOTT R.
15 FERGUSON, M.D., as an individual,

16            Defendants.

17

18 Following pre-trial proceedings in this case,

19 IT IS ORDERED:

20                              I.

21         **STATEMENT OF THE NATURE OF THE ACTION**

22 A.    **PLAINTIFF'S STATEMENT**

23         Plaintiff's Description of the Nature of the Action: This is a medical malpractice

24 case arising out of the care and treatment provided to Plaintiff by Defendants at St. Rose

25 Hospital – Siena on December 4, 2017.  Plaintiff claims the care and treatment and/or lack

26 thereof provided by Defendants on December 4, 2017, caused her to undergo an above-

27 the-knee amputation of her left lower extremity and caused her right foot drop. Plaintiff

28 claims her allegations are supported by the medical records, CMS' Report, and witnesses

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  identified to testify in the case.   Plaintiff's claims include: professional negligence,
2  violation of 42 U.S.C. § 1395 and respondeat superior.

3       **B.       DEFENDANTS' STATEMENT**

4       Defendants' Description of the Nature of the Action: This is a medical malpractice
5  case arising out of the care and treatment provided to Plaintiff by Defendants on
6  December 4, 2017.  Plaintiff was provided an appropriate medical screening examination
7  and treatment upon her presentation to St. Rose Hospital that did not reveal an emergent
8  medical condition.   Plaintiff was appropriately transferred to Seven Hills Hospital for
9  inpatient psychiatric evaluation and treatment, where she developed acute limb ischemia
10 that required further medical treatment at St. Rose Hospital.  Defendants include: Dignity
11 Health d/b/a St. Rose Dominican Hospital - Siena Campus and Scott Ferguson, M.D.
12 Defendants deny liability in this matter. The facts have shown that Plaintiff's alleged
13 injuries were not caused by Defendants' alleged negligence.

14       ~~a.  Defendant Dignity Health d/b/a St. Rose Dominican Hospital-Siena~~ [2]
15            ~~Campus:~~

16                      ~~FIRST AFFIRMATIVE DEFENSE~~

17      ~~Plaintiff's Second Amended Complaint on file herein fails to state a claim against~~
18 ~~this Defendant upon which relief can be granted.~~

19                      ~~SECOND AFFIRMATIVE DEFENSE~~

20      ~~The injuries, if any, complained of by Plaintiff in the Second Amended Complaint~~
21 ~~were proximately caused by the acts or omissions of unknown third parties or other~~
22 ~~persons over whom this Defendant exercised no control and over who this Defendant had~~
23 ~~no right or duty to control, nor ever has had a right or duty to exercise control.~~

24                      ~~THIRD AFFIRMATIVE DEFENSE~~

25      ~~Plaintiff did not exercise ordinary care, caution or prudence in the conduct of her~~
26 ~~affairs relating to the allegations of the Second Amended Complaint herein for damages~~
27 ~~in order to avoid the injuries or damages of which Plaintiff complains and said injuries or~~
28 ~~damages, if any, were directly and proximately contributed to or caused by the fault,~~

[2] The order was modified by the Court to comport with Local Rules 16-3 and 16-4, which do not include assertions of affirmative defense.

4872-1299-1017.1

2

1  carelessness and negligence of the Plaintiff.

2  **FOURTH AFFIRMATIVE DEFENSE**

3  The risks and consequences, if any, attendant to the recommendations and
4  treatment proposed by this Defendant were fully explained to the Plaintiff who freely
5  consented to such treatment and thereby assumed risks involved in such matter.

6  **FIFTH AFFIRMATIVE DEFENSE**

7  The damages, if any, alleged by Plaintiff was not the result of any acts of omission,
8  or commission, or negligence, but were the results of known risks which were consented
9  to by the Plaintiff, such risks being inherent in the nature of the care rendered and such
10  risks were assumed by the Plaintiff when they consented to treatment.

11  **SIXTH AFFIRMATIVE DEFENSE**

12  In all medical attention rendered by this Defendant to Plaintiff, this Defendant
13  possessed and exercised that degree of skill and learning ordinarily possessed and
14  exercised by the members of his/her profession in good standing, practicing in similar
15  localities, and that at all times this Defendant used reasonable care and diligence in the
16  exercise of his/her skills and the application of his/her learning, and at all times acted
17  according to his/her best judgment; that the medical treatment administered by this
18  Defendant was the usual and customary treatment for the physical condition and
19  symptoms exhibited by Plaintiff, and that at no time was this Defendant guilty of
20  negligence or improper treatment; that, on the contrary, this Defendant did perform each
21  and every act of such treatment in a proper and efficient manner and in a manner most
22  thoroughly approved and followed by the medical profession generally and under the
23  circumstances and conditions as they existed when such medical attention was rendered.

24  **SEVENTH AFFIRMATIVE DEFENSE**

25  The injuries complained of in the Second Amended Complaint, if any, were not the
26  result of willful, malicious or deliberate conduct on the part of this answering Defendant.

27  **EIGHTH AFFIRMATIVE DEFENSE**

28  That it has been necessary for the Defendant to employ the services of an attorney

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  to defend this action and a reasonable sum should be allowed Defendant for attorneys'

2  fees, together with costs of suit incurred herein.

### NINTH AFFIRMATIVE DEFENSE

4  Defendant is liable for only that portion of the Plaintiff's claims that represents the

5  percentage of negligence, if any, attributed to Defendant.

### TENTH AFFIRMATIVE DEFENSE

7  Plaintiff has failed to plead any acts or omissions of this answering Defendant

8  sufficient to constitute punitive damages.

### ELEVENTH AFFIRMATIVE DEFENSE

10  Plaintiff failed to file her Second Amended Complaint before the running of the

11  applicable statute of limitation, thereby barring their claims for relief.

### TWELFTH AFFIRMRMATIVE DEFENSE

13  Plaintiff's Second Amended Complaint, and each claim asserted therein and the

14  relief sought, is barred by the statute of frauds.

### THIRTEENTH AFFIRMATIVE DEFENSE

16  Plaintiff's action is barred and/or diminished by the doctrines of waiver, laches,

17  estoppel, and/or unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

19  The incident alleged in the Second Amended Complaint and the resulting

20  damages, if any, to Plaintiff were proximately caused or contributed to by Plaintiff's own

21  negligence, and such negligence was greater than the alleged negligence of Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

23  If Plaintiff has sustained any injuries or damages, such were the result of

24  intervening and/or superseding events, factors, occurrences, or conditions, which were in

25  no way caused by Defendant, and for which Defendant is not liable.

### SIXTEENTH AFFIRMATIVE DEFENSE

27  Plaintiff is barred from recovering any special damages herein as a result of the

28  failure to comply with the provisions of N.R.C.P. 9(g).

4872-1299-1017.1                4

1    ~~SEVENTEENTH AFFIRMATIVE DEFENSE~~

2    ~~Defendant alleges that Plaintiff has a duty to mitigate her damages and has failed~~

3    ~~to do so.~~

4    ~~EIGHTTEENTH AFFIRMATIVE DEFENSE~~

5    ~~To the extent Plaintiff has been reimbursed from any source for any special~~

6    ~~damages claimed to have been sustained as a result of the incidents alleged in Plaintiff's~~

7    ~~Second Amended Complaint, Defendant may elect to offer those amounts into evidence~~

8    ~~and, if Defendant so elects, Plaintiff's special damages shall be reduced by those~~

9    ~~amounts pursuant to NRS 42.021.~~

10   ~~NINETEENTH AFFIRMATIVE DEFENSE~~

11   ~~Plaintiff has failed to join all necessary parties.~~

12   ~~TWENTIETH AFFIRMATIVE DEFENSE~~

13   ~~Defendant alleges that at all times mentioned in Plaintiff's Second Amended~~

14   ~~Complaint, Plaintiff was suffering from a medical condition(s) which Defendant did not~~

15   ~~cause, nor was Defendant responsible for said medical condition(s).~~

16   ~~TWENTY-FIRST AFFIRMATIVE DEFENSE~~

17   ~~Defendant asserts that the Second Amended Complaint, or certain claims therein,~~

18   ~~should be dismissed on the basis that Plaintiff has not complied with NRS 41A.071.~~

19   ~~TWENTY-SECOND AFFIRMATIVE DEFENSE~~

20   ~~Defendant is entitled to all protections, benefits, and set offs available to~~

21   ~~Defendant in medical malpractice actions under NRS Chapters 41, 41A, and 42.~~

22   ~~TWENTY-THIRD AFFIRMATIVE DEFENSE~~

23   ~~Pursuant to N.R.C.P. 11, as amended, all possible Affirmative Defenses may not~~

24   ~~have been alleged herein insofar as sufficient facts were not available after reasonable~~

25   ~~inquiry upon the filing of Defendant's Answer, and therefore, Defendant reserves the right~~

26   ~~to amend his Answer to allege additional Affirmative Defenses if subsequent investigation~~

27   ~~warrants.~~

28   / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant hereby incorporates by reference those affirmative defenses enumerated in Rule 8 of the Nevada Rules of Civil Procedure as if fully set forth herein. In the event further investigation or discovery reveals the applicability of any such defenses, Defendant reserves the right to seek leave of Court to amend its Answer to specifically assert the same. Such defenses are herein incorporated by reference for the specific purpose of not waiving the same.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state a claim for attorneys' fees and costs under the Emergency Medical Treatment and Active Labor Act, 42 U.S.C.§1395DD (EMTALA).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for punitive damages under EMTALA.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for civil monetary penalties under EMTALA.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for joint and several liability for all defendants under EMTALA.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and without improper motive such that no claim lies under EMTALA.

## THIRTIETH AFFIRMATIVE DEFENSE

Any treatment of Plaintiff beyond that which Defendant provided was beyond the "stabilization" standards reasonably imposed by EMTALA, and therefore no claim lies under EMTALA.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant provided emergency medical services to Plaintiff within its capabilities and therefore is not subject to liability under EMTALA.

/ / /

/ / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-1299-1017.1

THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant provided an appropriate medical screening to Plaintiff within its capabilities in an even handed and uniform manner that was consistent with its regular practice and reasonably calculated to determine whether or not an emergency medical condition existed and therefore is not subject to liability under EMTALA.

THIRTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff did not request, or withdrew the request for, further treatment, stabilization, and screening, thereby excusing Defendant from further compliance with EMTALA

THIRTY-FOURTH AFFIRMATIVE DEFENSE

Defendant did not treat Plaintiff differently from other patients at the time alleged and within its service capabilities.

THIRTY-FIFTY AFFIRMATIVE DEFENSE

The screening provided to Plaintiff did not reveal an emergency medical condition, thereby precluding any liability under EMTALA.

THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff was not in fact experiencing an emergency medical condition, thereby precluding liability under EMTALA.

THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff cannot state a cause of action for faulty or inadequate but otherwise uniform screening under EMTALA as a matter of law.

THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff was stable or was stabilized at the time alleged, thus precluding liability against the Hospital under EMTALA.

THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs cannot state a cause of action for failure to stabilize Plaintiff beyond the initial time of her "coming to" the Hospital under EMTALA as a matter of law.

FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint on file herein fails to state a claim for relief



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-1299-1017.1

upon which relief may be granted as to any claim for vicarious liability for treatment provided by co-defendant or non-parties.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff failed to file any claim for vicarious liability for treatment provided by co-defendant or non-parties before the running of the applicable statute of limitation, thereby barring such claims for relief.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, may be the result of action for which subrogation and/or indemnification agreements may exist and apply, making the answering Defendant partially or wholly protected from any such finding and/or judgment.

b. Defendant Dignity Health defenses to be abandoned:

Defendant Dignity Health is abandoning its Twelfth and Thirteenth Affirmative Defenses..

c. Defendant Scott R. Ferguson, M.D.:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not proximately caused by this Answering Defendant's conduct.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is comparatively at fault; Plaintiff's recovery, if any, should be reduced in proportion to Plaintiff's fault, or in the event Plaintiff's fault exceeds that of this Answering Defendant, Plaintiff is not entitled to any recovery.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and damages, if any, are the result of forces of nature over which this Answering Defendant have no control or responsibility.

1

**FIFTH AFFIRMATIVE DEFENSE**

2    Plaintiff is barred from asserting any claims against this Answering Defendant

3 because the alleged damages were the result of one or more unforeseeable intervening

4 and superseding causes.

5

**SIXTH AFFIRMATIVE DEFENSE**

6    Plaintiff is barred from bringing this action for failure to comply with applicable

7 contractual remedies and requirements, including arbitration, if applicable.   Plaintiff's

8 failure to comply with the contractual remedies and requirements notwithstanding, this

9 Answering Defendant reserves its right to enforce any applicable arbitration provision.

10

**SEVENTH AFFIRMATIVE DEFENSE**

11    The damages, if any, incurred by Plaintiff were not attributable to any act, conduct,

12 or omission on the part of this Answering Defendant.  This Answering Defendant denies

13 that it was culpable in any matter or in any degree with respect to the matters set forth in

14 Plaintiff's Complaint.

15

**EIGHTH AFFIRMATIVE DEFENSE**

16    Plaintiff's claims are barred due to the applicable statute of limitations applicable to

17 each cause of action, and/or the doctrines of estoppel, laches and/or unclean hands.

18

**NINTH AFFIRMATIVE DEFENSE**

19    Plaintiff's damages, if any, were caused in whole or part by the negligence of third

20 parties over which this Answering Defendant had no control.

21

**TENTH AFFIRMATIVE DEFENSE**

22    Plaintiff failed to take reasonable efforts to mitigate her damages, if any, and is

23 therefore barred from recovering any damages from this Answering Defendant.

24

**ELEVENTH AFFIRMATIVE DEFENSE**

25    Plaintiff's maladies and injuries, if any, were caused by inevitable disease

26 processes and not by any act of this Answering Defendant.

27

**TWELFTH AFFIRMATIVE DEFENSE**

28    This Answering Defendant is entitled to all limitations, protections and other


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

provisions contained within NRS Chapter 41A and/or NRS 42.021.

## THIRTEENTH AFFIRMATIVE DEFENSE

This Answering Defendant denies each and every allegation of Plaintiff's Complaint not specifically admitted or otherwise pled herein.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to comply with NRS 41A.071.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's non-economic damages, if any, may not exceed $350,000, pursuant to NRS 41A.035.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to recover any damages from this Answering Defendant, this Answering Defendant may be held severally liable only for that portion of any judgment which represents the percentage of negligence attributable this Answering Defendant, pursuant to NRS 41A.045 and NRS 41.141.

## SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to recover any future damages from this Answering Defendant, this Answering Defendant may satisfy that amount through periodic payments pursuant to NRS 42.021.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to name an indispensable party whose presence is indispensable to full relief.

## NINTEENTH AFFIRMATIVE DEFENSE

Pursuant to N.R.C.P. 11, as amended, all affirmative defenses have not been alleged herein insofar as sufficient facts are not available after reasonable inquiry upon the filing of this Answering Defendant's Answer. This Answering Defendant reserves the right to allege additional affirmative defenses subsequently, if investigation so warrants.

## TWENTIETH AFFIRMATIVE DEFENSE

This Answering Defendant alleges that the injuries and damages, if any, suffered

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-1299-1017.1

1  by Plaintiff can and do occur in the absence of negligence.

2  <center>TWENTY-FIRST AFFIRMATIVE DEFENSE</center>

3  The facts alleged by Plaintiff are insufficient to state a prayer for relief for punitive

4  damages.

5  <center>TWENTY-SECOND AFFIRMATIVE DEFENSE</center>

6  Plaintiff is not entitled to recover punitive damages.

7  <center>TWENTY-THIRD AFFIRMATIVE DEFENSE</center>

8  Plaintiff's claim for punitive damages against this Answering Defendant is barred.

9  Imposition of such damages under NRS. 42.005, et seq., would be a denial of due

10  process and equal protection under the law and such an award would violate these

11  Answering Defendants' rights under Article 1, sections 8, 9 and 10 of the United States

12  Constitution, the Fifth, Eighth, and Fourteenth Amendments to the United States

13  Constitution, and Article 1, sections 6 and 8 of the Nevada Constitution.

14  <center>TWENTY-FOURTH AFFIRMATIVE DEFENSE</center>

15  This Answering Defendant hereby incorporate by reference those affirmative

16  defenses enumerated in Rule 8 of the Nevada Rules of Civil Procedure as if fully set forth

17  herein, for the specific purpose of not waiving any such defenses.  In the event further

18  investigation or discovery reveals the applicability of any such defenses, or any other

19  affirmative defenses, this Answering Defendant reserves the right to seek leave of court

20  to amend this Answer to specifically assert any such defense.

21  <center>II.</center>

22  <center>JURISDICTION</center>

23  Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 as Plaintiff's

24  Complaint includes a cause of action against Defendant Dignity Health dba St. Rose

25  Dominican Hospital - Siena Campus, claiming 42 U.S.C. § 1395dd(a) ("EMTALA") was

26  violated.  Accordingly, the case requires the interpretation of federal law.

27  Jurisdiction for all remaining counts of this Complaint is based on pendant

28  jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1       Venue is properly conferred on this Court pursuant to 15 U.S.C. § 15 and 28

2   U.S.C. § 1391(b) because the Defendants are subject to personal jurisdiction in this

3   District and because a substantial part of the events giving rise to the claims alleged

4   herein took place in this District.

5   <div align="center">III.</div>

6   <div align="center">**ADMISSION OF FACTS THAT REQUIRE NO PROOF**</div>

7       The following facts are  admitted by the Parties and therefore require no proof:

8           1.    Plaintiff presented to the Emergency Department at St. Rose

9                  Dominican Hospital – Siena on December 4, 2017.

10          2.    At all relevant times, Dr. Ferguson was and is a physician licensed in

11                 Clark County, Nevada.

12          3.    At all relevant times, Dr. Ferguson was not an employee of

13                 Defendant Dignity Health.

14  <div align="center">IV.</div>

15  <div align="center">**FACTS THAT WILL NOT BE CONTESTED AT TRIAL**</div>

16      The following facts, though not admitted, will not be contested at trial:

17          1.    Plaintiff was transported by ambulance to St. Rose Dominican

18                 Hospital – Siena Campus on December 4, 2017.

19          2.    Plaintiff was transferred to Seven Hills Hospital on December 4,

20                 2017.

21          3.    Plaintiff was transferred from Seven Hills Hospital to St. Rose

22                 Hospital – Siena on December 6, 2017.

23          4.    Plaintiff was admitted to St. Rose Hospital – Siena on December 6,

24                 2017.

25          5.    Plaintiff underwent an above-the-knee amputation of her left lower

26                 extremity on December 18, 2017.

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-1299-1017.1

## V.

### ISSUES OF FACT TO BE TRIED AND DETERMINED AT TRIAL

1. Whether Plaintiff had an emergency medical condition when she presented to the hospital on December 4, 2017;

2. Whether Plaintiff received an appropriate medical screening examination on December 4, 2017 in accordance with 42 U.S.C. § 1395dd(a);

3. Whether Plaintiff suffered personal harm as a result of the alleged failure of Dignity Health d/b/a St. Rose Dominican Hospital-Siena to provide Plaintiff a proper medical screening examination;

4. Whether Defendants breached the standard of care in their care and treatment of Plaintiff on December 4, 2017;

5. If Defendants' care and treatment of Plaintiff on December 4, 2017, fell below the standard of care, whether Defendants' breach caused Plaintiff to undergo an above the knee amputation of Plaintiff's left lower extremity;

6. If Defendants' care and treatment of Plaintiff on December 4, 2017, fell below the standard of care, whether Defendants' breach caused Plaintiff's right foot drop;

7. Whether Plaintiff's injuries and damages, if any, were caused by the actions or omissions of a third party, or parties, and/or persons or entities, over whom Defendants had no control;

8. The reasonable and necessary medical expenses incurred by Plaintiff as a result of the subject incident;

9. The sum of money (if any) sufficient to reasonably and fairly compensate Plaintiff for her alleged physical and mental pain, suffering, anguish and disability endured from the date of the subject accident to the present;



4872-1299-1017.1

13

10.   The sum of money (if any) sufficient to reasonably and fairly compensate Plaintiff for her future physical and mental pain, suffering, anguish and disability that she will more likely than not experience as a result of the subject accident;

11.   Whether Plaintiff was already suffering from a condition and/or disability at the time of the subject accident that caused her left leg amputation, right foot drop, and/or other claimed injuries;

12.   Whether Plaintiff's pre-existing condition and/or disability, , was aggravated as a result of the subject incident. If so, the amount of damages attributed to the addition injury caused by the aggravation;

13.   The amount of money (if any) sufficient to reasonably and fairly compensate Plaintiff for the Defendants' alleged negligence.

14.   Whether Defendants acted with oppression or malice, express or implied, and if so the amount of damages appropriate to punish Defendants and deter them from such future conduct.

**VI.**

**ISSUES OF LAW TO BE TRIED AND DETERMINED AT TRIAL**

The following are issues of law to be tried and determined at trial:

1.   Whether Plaintiff is entitled to an award for actual, consequential, punitive and compensatory and any other damages deemed appropriate against Defendants;

2.   The duty that was owed to Plaintiff under EMTALA;

3.   Whether Defendants' screening of Plaintiff was EMTALA compliant;

4.    Whether any damages available under EMTALA are governed by  the Nevada Revised Statutes (NRS), Chapter 41A Actions for Professional Negligence, including but not limited to NRS 41A.035;

5.   Whether any damages available under EMTALA are governed by NRS 42.021;

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT  AW

6.  Whether Defendant Dignity Health is vicariously liable for the acts and/or omissions of Defendant Scott Ferguson, M.D.;

7.  Whether the subject incident was the proximate cause of Plaintiff's damages;

8.  Whether Defendants breached a duty of care owed to Plaintiff on December 4, 2017; and

9.  If Defendants did in fact breach their duty to Plaintiff on December 4, 2017, whether the breach was the proximate cause of the Plaintiff's alleged injuries.

## VII.

### TRIAL EXHIBITS

**A. The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:**

1.  Medical Records from Seven Hills Behavioral Institute (Bates SDT-SH-0001-0144);

2.  Medical records from Dignity Health d/b/a St. Rose Dominican Health Hospital-Siena Campus, (SRS0001-3748);

3.  Imaging from St. Rose Dominican Hospital – Siena Campus from 12/06/17 and 12/07/17;

4.  Policy and Procedure – Emergency Medical Treatment and Labor Act (EMTALA) Corporate Policy(P&P000001-000013).

5.  Policy and Procedure – Legal 2000 (L2K) Patient Assessment & Monitoring; ( P&P000014-000022).

**B.   As to the following exhibits, the parties against whom the same will be offered objects to their admission on the grounds stated.**

1.  Plaintiff's Exhibits:

    (a)   Medical Records from VA (SDT-VASNHS-0001-785 ).

        Defendants object to Medical Records from the VA as

1   unauthenticated inadmissible hearsay.

2   (b)   Fremont Emergency Services Records (FES2-0001-0002).

3         Defendants object to the Fremont Emergency Services

4         Records (FES2-001-0002) as irrelevant, unauthenticated,

5         inadmissible hearsay.

6   (c)   CMS Report dated 2/22/19 (pages 1-16). Defendants object to

7         the CMS Report as inadmissible double hearsay that lacks

8         foundation, relevance, and authentication.  The probative

9         value of the exhibit is substantially outweighed by the danger

10        of unfair prejudice, confusion of the issues and waste of time.

11        The exhibit also improperly makes legal conclusions, invades

12        the province of the jury, is cumulative in nature, and is

13        untrustworthy.

14   2.   Defendants' Exhibits:

15   (a)   Las Vegas Metropolitan Police Department records (LVMPD-

16         0001-0017).  Plaintiff objects to the admissibility of this exhibit

17         as it is irrelevant, unfairly prejudicial, likely to confuse and

18         mislead the jury, and likely to cause undue delay and waste

19         the time of the court, the jury, and the parties and is therefore

20         inadmissible under FRE 401 and 403. Plaintiff further objects

21         to the admissibility of this exhibit on the basis that it

22         constitutes inadmissible character evidence prohibited by FRE

23         404. Plaintiff further objects to the admissibility of this exhibit

24         on the basis that it is unauthenticated hearsay which is

25         inadmissible pursuant to FRE 802 and 901.

26   (b)   Henderson Police Department records (SDT-HPD-0001-77).

27         Plaintiff objects to the admissibility of this exhibit as it is

28         irrelevant, unfairly prejudicial, likely to confuse and mislead


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    the jury, and likely to cause undue delay and waste the time of

2    the court, the jury, and the parties and is therefore

3    inadmissible under FRE 401 and 403. Plaintiff further objects

4    to the admissibility of this exhibit on the basis that it

5    constitutes inadmissible character evidence prohibited by FRE

6    404. Plaintiff further objects to the admissibility of this exhibit

7    on the basis that it is unauthenticated hearsay which is

8    inadmissible pursuant to FRE 802 and 901.

9    (c)    Facebook Records (PFB-0001-30 & FACEBOOK-000001-19).

10   Plaintiff objects to the admissibility of this exhibit as it is

11   irrelevant, unfairly prejudicial, likely to confuse and mislead

12   the jury, and likely to cause undue delay and waste the time of

13   the court, the jury, and the parties and is therefore

14   inadmissible under FRE 401 and 403. Plaintiff further objects

15   to the admissibility of this exhibit on the basis that it

16   constitutes inadmissible character evidence prohibited by FRE

17   404. Plaintiff further objects to the admissibility of this exhibit

18   on the basis that it is unauthenticated hearsay which is

19   inadmissible pursuant to FRE 802 and 901.

20   (d)    Letter from Department of Health & Human Services dated

21   May 26, 2020 (CMS-0001-2).  Plaintiff objects to the

22   admissibility of this exhibit as it is irrelevant, unfairly

23   prejudicial, likely to confuse and mislead the jury, and likely to

24   cause undue delay and waste the time of the court, the jury,

25   and the parties and is therefore inadmissible under FRE 401

26   and 403. Plaintiff further objects to the admissibility of this

27   exhibit on the basis that it constitutes inadmissible character

28   evidence prohibited by FRE 404. Plaintiff further objects to the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1     admissibility of this exhibit on the basis that it is

2     unauthenticated hearsay which is inadmissible pursuant to

3     FRE 802 and 901.

4   (e)   Dignity Health's Responses to Plaintiff's Interrogatories.

5         Plaintiff objects to the introduction of this exhibit by Dignity

6         Health as it is hearsay and may only be admitted into

7         evidence under the limited circumstances allowed by FRE

8         801.

9   (f)   Scott Ferguson, M.D.'s Responses to Plaintiff's

10        Interrogatories. Scott Ferguson, M.D.'s Responses to

11        Plaintiff's Interrogatories - Plaintiff objects to the introduction

12        of this exhibit by Dignity Health as it is hearsay and may only

13        be admitted into evidence under the limited circumstances

14        allowed by FRE 801.

15  (g)   Plaintiff's Responses to Dignity Health's Interrogatories.

16  (h)   Plaintiff's Responses to Dignity Health's Requests for

17        Production of Documents

18  (i)   Plaintiff's Responses to Scott Ferguson, M.D.'s Interrogatories

19  (j)   Curriculum vitae, testimony history, fee schedule and expert

20        report(s) of Karen Tomczak, RN.Plaintiff objects to the

21        introduction of this exhibit by Dignity Health as it is hearsay

22        and may only be admitted into evidence under the limited

23        circumstances allowed by FRE 801.

24  (k)   Curriculum vitae, testimony history, fee schedule and expert

25        report(s) of John Hyde. Plaintiff objects to the introduction of

26        this exhibit by Dignity Health as it is hearsay and may only be

27        admitted into evidence under the limited circumstances

28        allowed by FRE 801.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

(l)    Curriculum vitae, testimony history, fee schedule and expert report(s) of Karl Volk. Plaintiff objects to the introduction of this exhibit by Dignity Health as it is hearsay and may only be admitted into evidence under the limited circumstances allowed by FRE 801.

(m)   Curriculum vitae, testimony history, fee schedule and expert report(s) of Michael Arambula, M.D. Plaintiff objects to the introduction of this exhibit by Dignity Health as it is hearsay and may only be admitted into evidence under the limited circumstances allowed by FRE 801.

(n)   Curriculum vitae, testimony history, fee schedule and expert report(s) of Michael Jobin, M.D. Plaintiff objects to the introduction of this exhibit by Dignity Health as it is hearsay and may only be admitted into evidence under the limited circumstances allowed by FRE 801.

(o)   Curriculum vitae, testimony history, fee schedule and expert report(s) of Rhonda Renteria, RN, CLCP. Plaintiff objects to the introduction of this exhibit by Dignity Health as it is hearsay and may only be admitted into evidence under the limited circumstances allowed by FRE 801.

(p)   Curriculum vitae, testimony history, fee schedule and expert report(s) of Richard Bock, M.D. Plaintiff objects to the introduction of this exhibit by Dignity Health as it is hearsay and may only be admitted into evidence under the limited circumstances allowed by FRE 801.

(q)   Curriculum vitae, testimony history, fee schedule and expert report(s) of Rich Chavez. Plaintiff objects to the introduction of this exhibit by Dignity Health as it is hearsay and may only be

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   admitted into evidence under the limited circumstances

2   allowed by FRE 801.

3   (r)   Curriculum vitae, testimony history, fee schedule and expert

4   report(s) of Ryan Kotton, M.D. Plaintiff objects to the

5   introduction of this exhibit by Dignity Health as it is hearsay

6   and may only be admitted into evidence under the limited

7   circumstances allowed by FRE 801.

8   (s)   Curriculum vitae, testimony history, fee schedule and expert

9   report(s) of Scott Kush. Plaintiff objects to the introduction of

10   this exhibit by Dignity Health as it is hearsay and may only be

11   admitted into evidence under the limited circumstances

12   allowed by FRE 801.

13   (t)   Curriculum vitae, testimony history, fee schedule and expert

14   report(s) of John Levin, M.D. Plaintiff objects to the

15   introduction of this exhibit by Dignity Health as it is hearsay

16   and may only be admitted into evidence under the limited

17   circumstances allowed by FRE 801.

18   (u)   Curriculum vitae, testimony history, fee schedule and expert

19   report(s) of Samuel Wilson, M.D.  Plaintiff objects to the

20   introduction of this exhibit by Dignity Health as it is hearsay

21   and may only be admitted into evidence under the limited

22   circumstances allowed by FRE 801.

23   (v)   Curriculum vitae, testimony history, fee schedule and expert

24   report(s) of Lawrence Sporty, M.D.  Plaintiff objects to the

25   introduction of this exhibit by Dignity Health as it is hearsay

26   and may only be admitted into evidence under the limited

27   circumstances allowed by FRE 801.

28   (w)   Any and all exhibits listed by any other party regardless of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    whether that party attempts to de-list the exhibit or fails to use

2    it at the time of trial. Plaintiff reserves her right to object to any

3    and all exhibits referenced in this subsection as set forth

4    herein in response to each individually identified exhibit.

5    (x)   Demonstrative exhibits. Plaintiff objects to the admissibility of

6    this exhibit as its description herein is so vague and

7    ambiguous as to prevent Plaintiff from knowing its contents

8    and/or forming an opinion as to its admissibility. Plaintiff

9    further objects to the admissibility of this exhibit as no such

10   exhibit has been produced by Defendants and Defendants are

11   not entitled to conduct trial by ambush.

12   (y)   Medical Illustrations. Plaintiff objects to the admissibility of this

13   exhibit as its description herein is so vague and ambiguous as

14   to prevent Plaintiff from knowing its contents and/or forming

15   an opinion as to its admissibility. Plaintiff further objects to the

16   admissibility of this exhibit as no such exhibit has been

17   produced by Defendants and Defendants are not entitled to

18   conduct trial by ambush.

19   (z)   Various Record Enlargements. Plaintiff objects to the

20   admissibility of this exhibit as its description herein is so vague

21   and ambiguous as to prevent Plaintiff from knowing its

22   contents and/or forming an opinion as to its admissibility.

23   Plaintiff further objects to the admissibility of this exhibit as no

24   such exhibit has been produced by Defendants and

25   Defendants are not entitled to conduct trial by ambush.

26   (aa)  Medical Animation. Plaintiff objects to the admissibility of this

27   exhibit as its description herein is so vague and ambiguous as

28   to prevent Plaintiff from knowing its contents and/or forming

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

an opinion as to its admissibility. Plaintiff further objects to the admissibility of this exhibit as no such exhibit has been produced by Defendants and Defendants are not entitled to conduct trial by ambush.

(bb)   Impeachment Material. Plaintiff objects to the admissibility of this exhibit as its description herein is so vague and ambiguous as to prevent Plaintiff from knowing its contents and/or forming an opinion as to its admissibility. Plaintiff further objects to the admissibility of this exhibit as no such exhibit has been produced by Defendants and Defendants are not entitled to conduct trial by ambush.

(cc)   Any document listed by any other party. Plaintiff reserves her right to object to any and all exhibits referenced in this subsection as set forth herein in response to each individually identified exhibit.

C.   **Electronic evidence**

The parties intend to present electronic evidence for purposes of jury deliberations.

D.   **Depositions**

1.   Plaintiff will offer the following depositions: Plaintiff does not anticipate offering depositions.

2.   Defendants will offer the following depositions: Defendants reserve the right to offer the following depositions:  Kenneth Parker, pages 1-57, all lines. Jane Parker, pages 1-49, all lines.

E.   **Objections to Depositions**

1.   Defendant objects to Plaintiff's depositions as follows: Not applicable.

2.    Plaintiff objects to Defendant's depositions as follows: Plaintiff reserves all objections to the use of depositions, except for form

objections that are waived for failure to raise said objection during the deposition.

<div align="center">

VIII.

**WITNESSES**

</div>

The following witnesses may be called by the parties at trial:

A.  Plaintiff's Witnesses:

1.  Trina Parker
    c/o Brandon L. Phillips, Esq.
    BRANDON L. PHILLIPS, ATTORNEY AT LAW, PLLC
    1455 E. Tropicana Avenue, Suite 750
    Las Vegas, NV 89119

2.  Scott R. Ferguson, M.D.
    c/o LEWIS BRISBOIS
    Keith A. Weaver
    Danielle Woodrum
    6385 S. Rainbow Boulevard, Suite 600
    Las Vegas, NV  89118

3.  Person Most Knowledgeable and/or Custodian of Records for DIGNITY
    HEALTH dba ST ROSE DOMINICAN HEALTH HOSPITAL-SIENA
    CAMPUS c/o HALL PRANGLE & SCHOONVELD, LLC
    Tyson J. Dobbs, Esq.
    1160 N. Town Center Dr., Ste. 200
    Las Vegas, NV  89144

4.  Oscar Soraluz, M.D. Employee of;
    DIGNITY HEALTH dba ST ROSE DOMINICAN HEALTH
    HOSPITAL-SIENA CAMPUS
    10001 S. Eastern Avenue, Suite 409
    Henderson, Nevada 89052

5.  Thomas A. Damato, M.D. Employee of;
    DIGNITY HEALTH dba ST ROSE DOMINICAN HEALTH
    HOSPITAL-SIENA CAMPUS
    10001 S. Eastern Avenue, Suite 409
    Henderson, Nevada 89052

6.  Roman Sibel, M.D. Employee of;
    DIGNITY HEALTH dba ST ROSE DOMINICAN HEALTH
    HOSPITAL-SIENA CAMPUS
    10001 S. Eastern Avenue, Suite 409



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Henderson, Nevada 89052

7.   Will W. Scamman, M.D. Employee of;
     DIGNITY HEALTH dba ST ROSE DOMINICAN HEALTH
     HOSPITAL-SIENA CAMPUS
     10001 S. Eastern Avenue, Suite 409
     Henderson, Nevada 89052

8.   Jeromy Mendenhall, PAC, Employee of;
     DIGNITY HEALTH dba ST ROSE DOMINICAN HEALTH
     HOSPITAL-SIENA CAMPUS
     10001 S. Eastern Avenue, Suite 409
     Henderson, Nevada 89052

9.   Mustafa Rawaf, M DO, Employee of;
     DIGNITY HEALTH dba ST ROSE DOMINICAN HEALTH
     HOSPITAL-SIENA CAMPUS
     10001 S. Eastern Avenue, Suite 409
     Henderson, Nevada 89052

10.  Stacy J. Kim, M.D. Employee of;
     DIGNITY HEALTH dba ST ROSE DOMINICAN HEALTH
     HOSPITAL-SIENA CAMPUS
     10001 S. Eastern Avenue, Suite 409
     Henderson, Nevada 89052

11.  Neel Dhudsha, M.D. Employee of;
     DIGNITY HEALTH dba ST ROSE DOMINICAN HEALTH
     HOSPITAL-SIENA CAMPUS
     10001 S. Eastern Avenue, Suite 409
     Henderson, Nevada 89052

12.  Ryan Labuz, DO, Employee of;
     DIGNITY HEALTH dba ST ROSE DOMINICAN HEALTH
     HOSPITAL-SIENA CAMPUS
     10001 S. Eastern Avenue, Suite 409
     Henderson, Nevada 89052

13.  Matthew Ripplinger, M.D. Employee of;
     DIGNITY HEALTH dba ST ROSE DOMINICAN HEALTH
     HOSPITAL-SIENA CAMPUS
     10001 S. Eastern Avenue, Suite 409
     Henderson, Nevada 89052

14.  Kaylan Jagarlamundi, M.D. Employee of;
     DIGNITY HEALTH dba ST ROSE DOMINICAN HEALTH
     HOSPITAL-SIENA CAMPUS
     10001 S. Eastern Avenue, Suite 409


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-1299-1017.1

Henderson, Nevada 89052

15. Gilbert Nyamuswa, M.D. Employee of;
DIGNITY HEALTH dba ST ROSE DOMINICAN HEALTH
HOSPITAL-SIENA CAMPUS
10001 S. Eastern Avenue, Suite 409
Henderson, Nevada 89052

16. Jennifer Sikand, M.D. Employee of;
DIGNITY HEALTH dba ST ROSE DOMINICAN HEALTH
HOSPITAL-SIENA CAMPUS
10001 S. Eastern Avenue, Suite 409
Henderson, Nevada 89052

17. Person Most Knowledgeable and/or Custodian of Records for Fremont
Emergency Services
PO BOX 638972
Cincinnati, OH 45262

18. Person Most Knowledgeable and/or Custodian of Records for Seven Hills
Hospital
3021 W Horizon Ridge Pkwy,
Henderson, NV 89052

19. Suresh Bhushan, M.D. Employee of;
Seven Hills Hospital
3021 W Horizon Ridge Pkwy,
Henderson, NV 89052

20. Alok Saxena, M.D. Employee of;
Seven Hills Hospital
3021 W Horizon Ridge Pkwy,
Henderson, NV 89052

21. Victoria Escarda, NP Employee of
Seven Hills Hospital
3021 W Horizon Ridge Pkwy,
Henderson, NV 89052

22. Person Most Knowledgeable and/or Custodian of Records for Community
Ambulance
PO BOX 98821
Las Vegas, NV 89193

23. Daniel Munoz, AEMT, Employee of
Community Ambulance
PO BOX 98821
Las Vegas, NV 89193

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-1299-1017.1                                    25

24.  Devin Chavez, AEMT, Employee of
Community Ambulance
PO BOX 98821
Las Vegas, NV 89193

25.  Eric Thyr, AEMT, Employee of
Community Ambulance
PO BOX 98821
Las Vegas, NV 89193

26.  Michael Garduno, Paramedic, Employee of
Community Ambulance
PO BOX 98821
Las Vegas, NV 89193

27.  Sarah Derieth, Paramedic, Employee of
Community Ambulance
PO BOX 98821
Las Vegas, NV 89193

28.  Caitlin Medina, AEMT, Employee of
Community Ambulance
PO BOX 98821
Las Vegas, NV 89193

29.  Kim Shaw, Employee of
St. Rose Dominican Hospitals – Siena Campus
3001 St. Rose Parkway
Henderson, NV 89052

30.  Aileen Renolyan
Centers for Medicare & Medicaid Services
90 7th Street, Suite 5-300
San Francisco, CA 94103

31.  Paula Perse
Centers for Medicare & Medicaid Services
90 7th Street, Suite 5-300
San Francisco, CA 94103

32.  Alex Garza
Centers for Medicare & Medicaid Services
90 7th Street, Suite 5-300
San Francisco, CA 94103

33.  Maureen Calacal
Centers for Medicare & Medicaid Services
90 7th Street, Suite 5-300

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

San Francisco, CA 94103

34. Jane Parker
    7745 Larchwood Way
    San Diego, California 92120

35. Ken Parker
    7745 Larchwood Way
    San Diego, California 92120

36. Jackie Girard
    2580 Lockerbie Street
    Henderson, Nevada 89044

37. Marc Farraye, M.D.- Expert Witness
    FarrayEMed Emergency Medicine
    218 Sophia Terrace
    St Augustine FL 32095-6812,

38. Kevin B. Kirkendall, MBA
    Kirkendall Consulting Group, LLC
    1522 West Warm Springs
    Henderson, NV 89014

39. Jon Burroughs, M.D. - Rebuttal Expert Witness
    The Burroughs Healthcare Consulting Network, Inc.
    48 Forest Ledge Road
    PO Box 540
    Glen, NH 03838

40. Joel Silberberg, M.D. - Rebuttal Expert Witness
    4525 Dean Martin Drive, Ste. 1108
    Las Vegs, NV 89103

41. Dr. James A. Burks, Jr, MD – Rebuttal Expert Witness
    Vascular and Endovascular Surgery
    16350 Ventura Blvd Suite D156
    Encino, CA 91436

42. Angela Hollis -Expert Witness
    220 W. Main Street, Suite 2150
    Louisville, Kentucky 40202

Plaintiff reserves the right to call any and all witnesses that have been identified by the Defendants.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

B. Defendant Dignity Health's Witnesses:[1]

    1.    Trina Parker, Plaintiff
           c/o Brandon Phillips, Esq.
           BRANDON L. PHILLIPS, ATTORNEY AT LAW, PLLC
           1455 E. Tropicana Ave., Suite 750
           Las Vegas, Nevada 89119

    2.    Scott Ferguson, M.D.
           c/o LEWIS BRISBOIS BISGAARD & SMITH LLP
           6385 S. Rainbow Blvd., Suite 600
           Las Vegas, Nevada 89118

    3.    Mustafa Rawaf, D.O.
           3016 W. Charleston Blvd.
           Las Vegas, Nevada 89102

    4.    Daniel Gowhari, D.O.
           7391 W. Charleston Blvd., Suite 140
           Las Vegas, Nevada 89118

    5.    Victoria Escarda, APRN
           Seven Hills Hospital
           3021 W. Horizon Ridge Parkway
           Henderson, Nevada 89052

    6.    Alton Williams, CNA
           c/o Tyson Dobbs
           HALL PRANGLE & SCHOONVELD, LLC
           1140 North Town Center Drive, Suite 350
           Las Vegas, Nevada 89144

    7.    Celeste, RN
           Seven Hills Hospital
           3021 W. Horizon Ridge Pkwy.
           Henderson, NV 89052

    8.    Alok Saxena, M.D.
           Seven Hills Hospital
           3021 W. Horizon Ridge Parkway

---

[1] For purposes of judicial economy and efficiency, Defendant Dignity Health dba St. Rose Dominican Hospital has not re-listed every witness identified by Defendant Dr. Ferguson.  Defendant reserves the right to call any witness previously disclosed in discovery or identified in this pre-trial order by Defendant Dr. Ferguson and/or Plaintiff Trina Parker.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1                   Henderson, Nevada 89052

2      9.      Suresh Bhushan, M.D.
                       3021 W. Horizon Ridge Parkway
3                   Henderson, Nevada 89052

4      10.     Emily Mazengwe, RN
5                   3021 W. Horizon Ridge Parkway
                  Henderson, Nevada 89052
6

7      11.     Thomas Damato, M.D.
                  5320 S. Rainbow Boulevard, Suite 282
8                   Las Vegas, Nevada 89118

9      12.     James Chang, RN
                  Seven Hills Hospital
10                   3021 W. Horizon Ridge Pkwy.
                  Henderson, Nevada 89052
11

12      13.     Ervin Miller, RN
                  Seven Hills Hospital
13                   3021 W. Horizon Ridge Pkwy.
                  Henderson, Nevada 89052
14

15      14.     Elizabeth Wilkes, RN
                  c/o Tyson Dobbs, Esq.
16                   HALL PRANGLE & SCHOONVELD, LLC
                  1160 N. Town Center Drive, Suite 200
17                   Las Vegas, Nevada 89144

18      15.     Stacey Marino, MSW
                  c/o Tyson Dobbs, Esq.
19                   HALL PRANGLE & SCHOONVELD, LLC
                  1160 N. Town Center Drive, Suite 200
20                   Las Vegas, Nevada 89144

21      16.     Caroline Newby, RN
22                   c/o Tyson Dobbs, Esq.
                  HALL PRANGLE & SCHOONVELD, LLC
23                   1160 N. Town Center Drive, Suite 200
                  Las Vegas, Nevada 89144
24

25      17.     Breyanna Williams, CNA
                  c/o Tyson Dobbs, Esq.
26                   HALL PRANGLE & SCHOONVELD, LLC
                  1160 N. Town Center Drive, Suite 200
27                   Las Vegas, Nevada 89144

28      18.     Adrianne Prosper, RN

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

c/o Tyson Dobbs
HALL PRANGLE & SCHOONVELD, LLC
1140 North Town Center Drive, Suite 350
Las Vegas, Nevada 89144

19.   Carolyn Smith, RN
c/o Tyson Dobbs
HALL PRANGLE & SCHOONVELD, LLC
1140 North Town Center Drive, Suite 350
Las Vegas, Nevada 89144

20.   Amanda Dewitt, RN
c/o Tyson Dobbs, Esq.
HALL PRANGLE & SCHOONVELD, LLC
1160 N. Town Center Drive, Suite 200
Las Vegas, Nevada 89144

21.   Aileen Cadora, CNA
c/o Tyson Dobbs, Esq.
HALL PRANGLE & SCHOONVELD, LLC
1160 N. Town Center Drive, Suite 200
Las Vegas, Nevada 89144

22.   Kathleen Robinson, R.N.
c/o Tyson Dobbs, Esq.
HALL PRANGLE & SCHOONVELD, LLC
1160 N. Town Center Drive, Suite 200
Las Vegas, Nevada 89144

23.   Ryan Kotton, M.D.
8436 West 3rd Street, Suite 601
Los Angeles, California 90048

24.   Karl Erik Volk
1155 Alpine Road
Walnut Creek, California 94596

25.   Michael Jobin, M.D., F.A.C.E.P.
655 Leyden St.
Denver, Colorado 80220

26.   Michael Arambula, M.D., PharmD.
14800 US 281 North, Suite 110
San Antonio, Texas 78232

27.   Karen Tomczak, MSN, RN, CEN
2244 Kenry Way
South San Francisco, California 94080

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

28.   Richard Bock, M.D.
      343 Racquet Club Road
      Asheville, North Carolina 28803

29.   Rick Chavez, CPO
      29558 Woodbruck Drive
      Agoura Hills, California 91301

30.   Rhonda Renteria
      315 N. Puente Street, Suite A
      Brea, California 92821

31.   Scott Kush, M.D., J.D., M.P.H.
      101 Jefferson Drive
      Melo Park, California 94025

32.   John Hyde, Ph.D., FACHE
      4301 Highway 35 North
      Forest, Mississippi 39074

33.   Oscar Soraluz, M.D.
      2900 W. Horizon Ridge Pkwy., Suite 221
      Henderson, Nevada 89052

34.   Stephanos Orphanidis, M.D.
      1533 Via Cassia
      Henderson, Nevada 89052

35.   M. Yukie, RN
      Seven Hills Hospital
      3021 W. Horizon Ridge Pkwy.
      Henderson, Nevada 89052

36.   Carolyn Pugh, RN
      c/o Tyson Dobbs
      HALL PRANGLE & SCHOONVELD, LLC
      1140 North Town Center Drive, Suite 350
      Las Vegas, Nevada 89144

37.   Gabe Fekete, RN
      c/o Tyson Dobbs
      HALL PRANGLE & SCHOONVELD, LLC
      1140 North Town Center Drive, Suite 350
      Las Vegas, Nevada 89144

38.   Stephen Reid, RN
      c/o Tyson Dobbs
      HALL PRANGLE & SCHOONVELD, LLC

|    |     |                                                                                                                    |
|----|-----|--------------------------------------------------------------------------------------------------------------------|
| 1  |     | 1140 North Town Center Drive, Suite 350<br>Las Vegas, Nevada 89144                                                 |
| 2  |     |                                                                                                                    |
| 3  | 39. | Vicki Sanders, CNA<br>c/o Tyson Dobbs                                                                               |
| 4  |     | HALL PRANGLE & SCHOONVELD, LLC<br>1140 North Town Center Drive, Suite 350                                          |
| 5  |     | Las Vegas, Nevada 89144                                                                                            |
| 6  | 40. | Genevieve Chua, RN<br>c/o Tyson Dobbs                                                                               |
| 7  |     | HALL PRANGLE & SCHOONVELD, LLC                                                                                     |
| 8  |     | 1140 North Town Center Drive, Suite 350<br>Las Vegas, Nevada 89144                                                 |
| 9  |     |                                                                                                                    |
| 10 | 41. | Cristina Pinkerton, RN<br>c/o Tyson Dobbs                                                                           |
| 11 |     | HALL PRANGLE & SCHOONVELD, LLC<br>1140 North Town Center Drive, Suite 350                                          |
| 12 |     | Las Vegas, Nevada 89144                                                                                            |
| 13 | 42. | Andrew Allison, RN<br>c/o Tyson Dobbs                                                                               |
| 14 |     | HALL PRANGLE & SCHOONVELD, LLC<br>1140 North Town Center Drive, Suite 350                                          |
| 15 |     | Las Vegas, Nevada 89144<br>.                                                                                        |
| 16 | 43. | Sarah Derleth, EMT                                                                                                  |
| 17 |     | Community Ambulance<br>91 Corporate Park Drive, #120                                                               |
| 18 |     | Henderson, NV 89074                                                                                                |
| 19 |     |                                                                                                                    |
| 20 | 44. | Neel Dhudsha, M.D.<br>c/o Tyson Dobbs, Esq.                                                                         |
| 21 |     | HALL PRANGLE & SCHOONVELD, LLC<br>1160 N. Town Center Drive, Suite 200                                             |
| 22 |     | Las Vegas, Nevada 89144                                                                                            |
| 23 | 45. | Stacy Kim, M.D.<br>c/o Tyson Dobbs, Esq.                                                                            |
| 24 |     | HALL PRANGLE & SCHOONVELD, LLC                                                                                     |
| 25 |     | 1160 N. Town Center Drive, Suite 200<br>Las Vegas, Nevada 89144                                                    |
| 26 |     |                                                                                                                    |
| 27 | 46. | Jeromy Mendenhall, PA<br>3175 St. Rose Pkwy., Suite 320                                                             |
| 28 |     | Henderson, Nevada 89052                                                                                            |

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-1299-1017.1

47.    Sibimol Sabu, RN
c/o Tyson Dobbs
HALL PRANGLE & SCHOONVELD, LLC
1140 North Town Center Drive, Suite 350
Las Vegas, Nevada 89144

48.    Sunsia Dechasit, RN
c/o Tyson Dobbs
HALL PRANGLE & SCHOONVELD, LLC
1140 North Town Center Drive, Suite 350
Las Vegas, Nevada 89144

49.    Andrew Grabin, RT
c/o Tyson Dobbs
HALL PRANGLE & SCHOONVELD, LLC
1140 North Town Center Drive, Suite 350
Las Vegas, Nevada 89144

50.    Heber Phillips, D.O.
c/o Keith Weaver, Esq.
LEWIS BRISBOIS BISGAARD & SMITH, LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118

51.    Roman Sibel, MD
Orthopedic Foot & Ankle Institute
3175 St. Rose Pkwy., Ste. 320
Henderson, Nevada 89052

52.    Ryan Labuz, DO
Sound Physicians
3001 St. Rose Pkwy.
Henderson, NV 89052

53.    Dennis DeJesus, M.D.
11995 Singletree Lane, Suite 500
Eden Prairie, MN 55344
(952) 595-1100

54.    Russell Gollard, M.D.
4750 W. Oakey Blvd., Suite 2B
Las Vegas, NV 89102

55.    Will W. Scamman, M.D.
Associated Pathologists, Chartered at St. Rose Hospital
4230 Burnham Ave.
Las Vegas, NV 89119

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

56.    Neel Dhudshia, M.D.
       Cardiovascular Surgery of Southern Nevada
       5320 S. Rainbow Blvd., Suite 282
       Las Vegas, NV 89118

57.    Marija Djokovic, APN
       c/o Keith Weaver, Esq.
       Lewis Brisbois Bisgaard & Smith, LLP
       6385 S. Rainbow Blvd., Suite 600
       Las Vegas, NV 89118

58.    Jane Parker
       7745 Larchwood Way
       San Diego, CA 92120

59.    Ken Parker
       7745 Larchwood Way
       San Diego, CA 92120

C.  Defendant Scott Ferguson, M.D.'s Witnesses:[2]

1.    Trina Parker, Plaintiff
      c/o Brandon Phillips, Esq.
      BRANDON L. PHILLIPS, ATTORNEY AT LAW, PLLC
      1455 E. Tropicana Ave., Suite 750
      Las Vegas, Nevada 89119

2.    Scott Ferguson, M.D.
      c/o LEWIS BRISBOIS BISGAARD & SMITH LLP
      6385 S. Rainbow Blvd., Suite 600
      Las Vegas, Nevada 89118

3.    Amanda Dewitt, RN
      c/o Tyson Dobbs, Esq.
      HALL PRANGLE & SCHOONVELD, LLC
      1160 N. Town Center Drive, Suite 200
      Las Vegas, Nevada 89144

4.    Mustafa Rawaf, D.O.
      3016 W. Charleston Blvd.
      Las Vegas, Nevada 89102

---

[2] For purposes of judicial economy and efficiency, Dr. Ferguson has not re-listed every witness identified by Defendant Dignity Health dba St. Rose Dominican Hospital.  Dr. Ferguson reserves the right to call any witness previously disclosed in discovery or identified in this pre-trial order by Defendant Dignity Health dba St. Rose Dominican Hospital and/or Plaintiff Trina Parker.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-1299-1017.1                              34

5.  Daniel Gowhari, D.O.
    7391 W. Charleston Blvd., Suite 140

6.  Victoria Escarda, APRN
    Seven Hills Hospital
    3021 W. Horizon Ridge Parkway
    Henderson, Nevada 89052

7.  Celeste, RN
    Seven Hills Hospital
    3021 W. Horizon Ridge Pkwy.
    Henderson, NV 89052

8.  Alok Saxena, M.D.
    Seven Hills Hospital
    3021 W. Horizon Ridge Parkway
    Henderson, Nevada 89052

9.  Suresh Bhushan, M.D.
    3021 W. Horizon Ridge Parkway
    Henderson, Nevada 89052

10. Emily Mazengwe, RN
    3021 W. Horizon Ridge Parkway
    Henderson, Nevada 89052

11. Thomas Damato, M.D.
    5320 S. Rainbow Boulevard, Suite 282
    Las Vegas, Nevada 89118

12. James Chang, RN
    Seven Hills Hospital
    3021 W. Horizon Ridge Pkwy.
    Henderson, Nevada 89052

13. Ervin Miller, RN
    Seven Hills Hospital
    3021 W. Horizon Ridge Pkwy.
    Henderson, Nevada 89052

14. Jane Parker
    7745 Larchwood Way
    San Diego, California 92120

15. Kenneth Parker
    7745 Larchwood Way
    San Diego, California 92120

16.  Marija Djokovic, APRN
     c/o Keith Weaver, Esq.
     LEWIS BRISBOIS BISGAARD & SMITH LLP
     6385 S. Rainbow Blvd., Suite 600
     Las Vegas, Nevada 89118

17.  John Levin, M.D.
     9609 Oak Pass Road
     Beverly Hills, California 90210

18.  Samuel Wilson, M.D.
     1436 Via Castilla
     Palos Verdes Estates, California 90274

19.  Lawrence Sporty, M.D.
     1901 Holly Tree Lane
     Santa Ana, California 92705

20.  Ryan Kotton, M.D.
     8436 West 3rd Street, Suite 601
     Los Angeles, California 90048

21.  Karl Erik Volk
     1155 Alpine Road
     Walnut Creek, California 94596

22.  Rick Chavez, CPO
     29558 Woodbruck Drive
     Agoura Hills, California 91301

23.  Rhonda Renteria
     315 N. Puente Street, Suite A
     Brea, California 92821

24.  Carlos Inzunza
     424 15th Street, Suite 100
     San Diego, CA 92101

25.  Jenni McKenna
     9065 S. Pecos Road
     Henderson, Nevada 89704

26.  Jake Schumers
     9065 S. Pecos Road
     Henderson, Nevada 89704

27.  Scott Kush, M.D., J.D., M.P.H.
     101 Jefferson Drive

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Melo Park, California 94025

2  28.  Stephanos Orphanidis, M.D.
3       1533 Via Cassia
        Henderson, Nevada 89052

4
5  29.  M. Yukie, RN
        Seven Hills Hospital
6       3021 W. Horizon Ridge Pkwy.
        Henderson, Nevada 89052

7       .
   30.  Sarah Derleth, EMT
8       Community Ambulance
        91 Corporate Park Drive, #120
9       Henderson, NV 89074

10 31.  Jeromy Mendenhall, PA
        3175 St. Rose Pkwy., Suite 320
11      Henderson, Nevada 89052

12
   32.  Heber Phillips, D.O.
13      c/o Keith Weaver, Esq.
        LEWIS BRISBOIS BISGAARD & SMITH, LLP
14      6385 S. Rainbow Boulevard, Suite 600
        Las Vegas, Nevada 89118
15
16 33.  Person(s) Most Knowledgeable/Custodian of Records
        Fremont Emergency Services
17      c/o Keith A. Weaver, Esq.
        LEWIS BRISBOIS BISGAARD & SMITH LLP
18      6385 S. Rainbow Boulevard, Suite 600
        Las Vegas, Nevada 89118
19
20 34.  Vicki Sanders, CNA
        c/o Tyson Dobbs
21      HALL PRANGLE & SCHOONVELD, LLC
        1140 North Town Center Drive, Suite 350
22      Las Vegas, Nevada 89144

23
   35.  Kathleen Robinson, R.N.
24      c/o Tyson Dobbs, Esq.
        HALL PRANGLE & SCHOONVELD, LLC
25      1160 N. Town Center Drive, Suite 200
        Las Vegas, Nevada 89144
26 / / /

27 / / /

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT  AW

36.    Stacey Marino, MSW
       c/o Tyson Dobbs, Esq.
       HALL PRANGLE & SCHOONVELD, LLC
       1160 N. Town Center Drive, Suite 200
       Las Vegas, Nevada 89144

Defendants reserve the right to call any of Plaintiff's witnesses listed in prior discovery disclosures or pre-trial order.  Defendant also reserves the right to call any Custodian of Records necessary to authenticate documents.

IX.

**TRIAL DATES**

The attorneys or parties have met and jointly offer these three trial dates: December 5, 2022, April 3, 2023 and August 14, 2023. It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

X.

**LENGTH OF TRIAL**

It is estimated that the trial will take a total of 14 full court days.

APPROVED AS TO FORM AND CONTENT:

Dated: July 14, 2022                          Dated: July __, 2022

BRANDON L. PHILLIPS, ATTORNEY                 HALL PRANGLE & SCHOONVELD, LLC
AT LAW, PLLC

/s/ Brandon L. Phillips                       /s/ Tyson J. Dobbs, Esq.
BRANDON L. PHILLIPS, ESQ.                     TYSON J. DOBBS, ESQ.
Nevada Bar No.: 12264                         Nevada Bar No. 11953
1455 E. Tropicana Ave., Ste. 750             MICHAEL J. SHANNON, ESQ.
Las Vegas, NV 89119                           Nevada Bar No. 7510
*Attorney for Plaintiff*                      1160 N. Town Center Dr., Ste. 200
                                              Las Vegas, NV 89144
                                              *Attorneys for Defendant Dignity Health
                                              d/b/a St. Rose Dominican Hospital-Siena
                                              Campus*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Dated: July 14, 2022

LEWIS   BRISBOIS   BISGAARD   &
SMITH LLP

/S/ KEITH WEAVER
_____
KEITH A. WEAVER
Nevada Bar No. 10271
ALISSA N. BESTICK
Nevada Bar No. 14979C
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Attorneys for Defendant Scott R.
Ferguson, M.D.*

## XI.

## <u>ACTION BY THE COURT</u>

This case is set for ~~court~~/jury trial on the ~~fixed~~/stacked calendar on <u>December 5, 2022</u> at <u>9:00 a.m.</u>. Calendar call will be held on <u>November 23, 2022</u> at <u>9:30 a.m.</u>.

Dated: July <u>  26  </u>, 2022.

_____
UNITED STATES ~~MAGISTRATE~~ JUDGE
DISTRICT