UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Trina Parker,<br><br>                Plaintiff<br><br>v.<br><br>Dignity Health; Scott R. Ferguson,<br><br>                Defendants | Case No. 2:18-cv-02291-CDS-VCF<br><br>**Order Granting Defendant Scott R. Ferguson's Motion to Remand**<br><br>[ECF No. 166] |

Because federal courts are courts of limited jurisdiction and no basis for jurisdiction remains in this controversy, I heed the caution of the Ninth Circuit and exercise my discretion to grant defendant Scott R. Ferguson's motion and order the case remanded to the Eighth Judicial District Court for the State of Nevada, Department 29, Case No. A-18-781021-C.

I.      Relevant Background Information

Plaintiff Trina Parker sued defendants Dignity Health and Scott R. Ferguson in the Eighth Judicial District Court, Clark County, Nevada, alleging medical malpractice against both defendants and violations of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395, against Dignity Health. Compl., ECF No. 1-2. Dignity Health removed the action to federal court, citing federal question jurisdiction over Parker's EMTALA claim against Dignity Health. Removal Pet., ECF No. 1 at 2. Ferguson did not appear prior to removal and Dignity Health could not obtain a stipulation regarding removal from its co-defendant. Statement Regarding Removal, ECF No. 5 at 2. After the close of discovery and on the eve of trial, the parties stipulated to dismissing with prejudice Dignity Health from the suit. Order, ECF No. 165; Stipulation, ECF No. 161. Ferguson now moves to remand the case, arguing that this court lacks jurisdiction to hear Parker's state-law claim against him. *Id.* at 6. Parker

opposes remand. Resp., ECF No. 168. Ferguson initially argued that remand was "required," ECF No. 166 at 4:24, but in his reply agrees with Parker that remand in this instance is discretionary. *Compare* ECF No. 169 passim *with* ECF No. 168 at 10.

Ultimately, both parties seem to agree on the facts relevant to this motion: the only federal cause of action has been stipulated out of the case, no basis for diversity jurisdiction exists between the two remaining parties, and Parker's only remaining cause of action is a state-law professional negligence/medical malpractice claim against Ferguson.

## II.     Legal Standard

"[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). "The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Id.* However, "[t]hat state law claims '*should*' be dismissed if federal claims are dismissed before trial, as *[United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)] instructs, has never meant that they *must* be dismissed." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). Nonetheless, the Supreme Court has stated, and the Ninth Circuit has "often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Id.* at 1001 (quoting *Cohill*, 484 U.S. at 350 n.7); *see also Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (interpreting *Cohill* to "note[] that 'in the usual case' the balance of factors will weigh toward remanding any remaining pendent state claims to state court"). "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values of economy, convenience, fairness, and comity." *Id.* (internal quotation marks omitted). "Once [the court] dismisses all federal claims before it, a federal court must 'reassess its jurisdiction by

engaging in a pragmatic and case-specific evaluation of the myriad of considerations that may bear on the determination of whether to exercise supplemental jurisdiction.'" *Pure Wafer Inc. v. City of Prescott*, 845 F.3d 943, 960 (9th Cir. 2017) (Smith, J. dissenting) (quoting 16 James WM. Moore et al., *Moore's Federal Practice* § 106.66[1] (3d ed. 2016)).

### III. Analysis

After thorough consideration of the applicable law, the parties' arguments, and the principles of judicial economy, procedural convenience, fairness to the litigants, and comity, I decline to exercise pendent jurisdiction over Parker's professional negligence/medical malpractice claim against Ferguson.

It is true that factors of economy and convenience favor retaining the case in federal court: the parties have already spent a great deal of time and effort preparing for trial which is set to begin in less than one month. Remand complicates matters by requiring invocation of the judicial resources of the State of Nevada. The parties will have to complete additional motions practice and re-file their litigation documents. However, "[t]hese factors are only slight as there are no great hurdles to either party from litigating this case in state court, where the litigants can pick up where this Court leaves off." *Erwine v. Churchill County*, 2022 WL 705961, at *10 (D. Nev. Mar. 9, 2022).

As far as fairness to the litigants: neither of the remaining parties to this litigation wanted to be in federal court. Parker, the plaintiff and master of her own complaint, filed the lawsuit in state court before Dignity Health removed the action based on federal question jurisdiction. Ferguson states that he has "been hauled into federal court against his will." ECF No. 169 at 5. Fairness thus weighs in favor of remand.

Finally, remanding the case allows a state court to preside over state-law claims, which promotes comity. "[N]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726. Furthermore, "if it appears that the state issues

substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may . . . [be] left for resolution to state tribunals." *Id.* This case necessarily involves issues of Nevada medical malpractice law that will predominate over the trial, in terms of the proof applicable to the case and the scope of the issues raised by Parker's cause of action.

Ultimately, the principles of fairness to the litigants and comity outweigh the principles of judicial economy and procedural convenience such that remand is appropriate.

## IV. Conclusion

IT IS THEREFORE ORDERED that defendant Scott R. Ferguson's motion to remand (ECF No. 166) is **GRANTED**. The Clerk of Court is directed to **REMAND** this case to the Eighth Judicial District Court, Clark County, Nevada, Case No. A-18-781021-C, Department 29, and **CLOSE THIS CASE**.

IT IS SO ORDERED.

DATED: November 17, 2022

_____
Cristina D. Silva
United States District Judge

4